UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Michael Sullivan<br>    *Plaintiff*,<br><br>v.<br><br>Bargain Discount Stores Corporation<br><br>    *Defendant*. | CIVIL ACTION NO:<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

### I.  INTRODUCTION

1. This is an action brought by Michael Sullivan, ("Plaintiff") against Defendant, Bargain Discount Stores Corporation ("Defendant"), arising from Defendant's failure to lawfully pay Plaintiff wages for his work.

2. Plaintiff regularly and consistently worked more than forty hours per week for Defendant delivering furniture, unloading trucks in the warehouse, assembling furniture and loading trucks for delivery.

3. Plaintiff was never paid a premium rate for overtime hours as required by law.

4. Plaintiff occasionally worked on Sundays and legal holidays. Plaintiff was never paid a premium rate for these hours as required by law.

5. Defendant never paid Plaintiff at all for the period of November 6, 2016 through November 16, 2016.

6. Plaintiff alleges violations of the overtime and minimum provisions of the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the Rhode Island Minimum Wage Act, R.I. Gen. Law §28-12-1, *et seq.* ("RIMWA")

7. Plaintiff seeks his unpaid wages, overtime, Sunday and holiday wages, liquidated damages pursuant to the FLSA, liquidated and compensatory damages pursuant to RIMWA, and reasonable attorneys' fees, costs, and interest pursuant to FLSA and RIMWA.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

9. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is appropriate in the District of Rhode Island pursuant to 28 U.S.C. §1391(b), because the events giving rise to this claim occurred within this judicial district.

## III. THE PARTIES

11. Plaintiff is a resident of Rhode Island.

12. Defendant Bargain Discount Stores Corporation is a Corporation registered in the State of Rhode Island and engaged in furniture sales at 699 Hartford Avenue, Providence, Rhode Island.

13. CT Corporation System, located at 450 Veterans Memorial Parkway, Suite 7a, East Providence, RI 029014 serves as the registered agent for Defendant.

14. At all times relevant to this Complaint, Plaintiff was an employee of Defendant as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1), by the RIMWA, §28-12-2(5), and by R.I. Gen. Law § 28-14-1(2).

15. At all times relevant to the Complaint, Defendant was the employer of Plaintiff as that term is defined by the FLSA, 29 U.S.C. §203(d), by the RIMWA, §§28-12-2(6), and by R.I. Gen. Law § 28-14-1(3)

16. At all times relevant to this Complaint, Plaintiff was an employee engaged in commerce or the production of goods for commerce, and/or was an employee in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C.A. §203(b),(s)(1).

17. Upon information and belief, Ida Libitore is the manager of Bargain Discount Stores Corporation.

18. At all times relevant to the Complaint, Ida Libitore made decisions regarding Plaintiff's wages, hours, working location, and working conditions.

## IV. STATEMENT OF FACTS

19. Plaintiff was hired directly by Ida Libitore at a wage of $9.60 per hour.

20. Plaintiff was employed by Defendant from the September 2016 through November 16, 2016.

21. On or about November 9, 2016, Ida Libitore notified Plaintiff that he would received a raise; his new rate of pay was $10.50 per hour.

22. During Plaintiff's employment, Defendant did not pay Plaintiff a premium rate for overtime hours as required by law.

23. During Plaintiff's employment, Defendant did not pay Plaintiff a premium rate for hours worked on holidays and Sundays as required by law.

24. Each week, Plaintiff received from Defendant both a payroll check for exactly forty (40) hours and an envelope with cash to compensate him for any overtime

hours worked at his regular hourly wage.

25. On average, Plaintiff worked sixty (60) hours per week while employed by Defendant.

26. Plaintiff was terminated by Defendant on or about November 16, 2016.

27. Defendant refused to provide to Plaintiff his final two checks which compensated him for the period of November 6, 2016 through November 16, 2016.

28. When Plaintiff called Ms. Libatore to obtain his checks, he was threated by a man named Freddie Laroach, an associate of Ms. Libatore.

## V. COUNT ONE: FLSA VIOLATIONS

29. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 28.

30. As described above, Defendant failed to pay Plaintiff any wages for his last ten (10) days of work.

31. Defendant's failure to pay minimum wages as required by federal law was willful, inasmuch as Defendant was aware or reasonably should have been aware of its obligation to pay Plaintiff consistent with the FLSA and did not do so.

32. As described above, Defendant failed to pay Plaintiff at least one and a half times his regular hourly wage for hours over forty worked in each week, for hours worked on Sundays, and for hours worked on holidays as required by federal law.

33. Defendant's failure to pay overtime wages as required by federal law was willful, inasmuch as Defendant was aware or reasonably should have been aware of its obligation to pay Plaintiff consistent with the FLSA and did not do so.

34. As a result of Defendant's unlawful conduct as described above, Plaintiff suffered

a loss of wages.

## VI. COUNT TWO: RIMWA OVERTIME VIOLATIONS

35. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 34.

36. As described above, Defendant failed to pay Plaintiff any wages for his last ten (10) days of work as required by Rhode Island law.

37. Defendant's failure to pay minimum wages as required by Rhode Island law was willful and/or in bad faith, inasmuch as Defendant was aware or reasonably should have been aware of its obligation to pay Plaintiff consistent with the RIMWA and did not do so.

38. As described above, Defendant failed to pay Plaintiff at least one and a half times his regular hourly wage for hours over forty worked in each week, for hours worked on Sundays, and for hours worked on holidays as required by Rhode Island law.

39. Defendant's failure to pay overtime wages as required by Rhode Island law was willful and/or in bad faith, inasmuch as Defendant was aware or reasonably should have been aware of its obligation to pay Plaintiff consistent with the RIMWA and did not do so.

40. As a result of Defendant's unlawful conduct as described above, Plaintiff suffered a loss of wages.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

41. Order Defendant to pay to Plaintiff all minimum wages owed, consistent with the

FLSA and RIMWA.

42. Order Defendant to pay to Plaintiff all overtime wages owed, consistent with the FLSA and RIMWA;

43. Award Plaintiff liquidated damages for all federal minimum and overtime wages owed pursuant to 29 U.S.C. §216(b);

44. Award Plaintiff compensatory liquidated damages for all Rhode Island minimum and overtime wages owed pursuant to R.I. Gen. Law §28-14-19.2(a);

45. Award Plaintiff reasonable attorneys' fees, costs and interest;

46. Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

**REQUEST FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury as to all claims to which he is entitled

          RESPECTFULLY SUBMITTED

          Michael Sullivan,
          By his attorney,

/s/Kathleen Nee

Kathleen Nee, Bar No. 9375
1 Turks Head Place, Suite 1440
Providence, RI 02903
401-453-5633
katie@neelawoffice.com